■ MABEL GLENN, Respondent, v CHASE LINCOLN FIRST BANK, N. A., Appellant. [607 NYS2d 802] —Order unanimously reversed on the law without costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Supreme Court erred when it: (1) granted plaintiff's motion for summary judgment, (2) directed defendant to pay plaintiff

$4,616.39, (3) directed defendant to pay plaintiff statutory costs, (4) directed defendant to pay plaintiff her costs, disbursements and fees, and (5) directed defendant to pay plaintiff $500 per month from the subject trust for the rest of her life. The provisions of the testamentary trust confer upon defendant, as trustee, "absolute and uncontrolled discretion" to invade principal in the event of extraordinary illness. The trust goes on to provide, however, that this discretion "shall be exercised conservatively", keeping in mind the settlor's "desire that the principal be conserved as long as possible". Although plaintiff and her son apparently convinced defendant's former trust officer to invade principal in order to pay plaintiff $500 per month from the trust, that did not give rise to a contractual agreement to provide such payments for the balance of plaintiff's natural life.

The record establishes that the remainderman disapproved of invasion of the trust principal for the purpose of paying $500 per month to plaintiff. Defendant, as trustee, was properly concerned that invasions of principal in violation of the settlor's explicit instructions might expose it to surcharge by the remainderman for violating those explicit instructions without authorization. Such a determination was within the trustee's discretion under the terms of the trust agreement. Thus, we conclude that Supreme Court erred in interfering with the exercise of discretion by the trustee in the absence of any showing of an abuse of discretion by the trustee *(see, Matter of Hoelzer v Blum,* 93 AD2d 605, 612). (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Trust Agreement.) Present—Callahan, J. P., Green, Balio, Lawton and Boehm, JJ.